IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YOLANDA SHANNON and
MICHAEL SHANNON,

    Plaintiffs,

vs.                                          Civ. No. 13-00880 KG/RHS

ANDREW K. METZGER, M.D., JEFF
HAUGHTON, P.A., SOUTHWEST
NEUROSURGICAL ASSOCIATES, P.C.,
MEDTRONIC, INC., and MEDTRONIC
SOFAMOR DANEK USA, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' Motion to Remand, filed on September 18, 2013. (Doc. 4). On October 7, 2013, Defendants Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc. (Medtronic Defendants) filed The Medtronic Defendants' Memorandum in Opposition to Plaintiffs' Motion to Remand. (Doc. 10). Plaintiffs filed a reply on October 17, 2013. (Doc. 11). Having reviewed the Motion to Remand, the accompanying briefs, and the evidence of record, the Court grants the Motion to Remand.

*I. Factual and Procedural Background*[1]

Plaintiffs Yolanda and Michael Shannon are citizens of New Mexico. (Doc. 1-1) at 1 ¶¶ 1, 2. Defendants Dr. Andrew K. Metzger, Jeffrey Houghton, P.A., and Southwest Neurosurgical Associates, P.C. (collectively Medical Defendants) are citizens of New Mexico. (Doc. 1) 4 at ¶ 15. Medtronic Defendants are citizens of Minnesota and Tennessee, respectively. (Doc. 1) at 4 ¶¶ 13-14.

---

[1] Unless otherwise noted, the summary of material facts is undisputed.

On or about September 17, 2009, Defendant Andrew K. Metzger, M.D., performed back surgery on Plaintiff Yolanda Shannon in Albuquerque, New Mexico.  (Doc. 4) at 1.  On August 21, 2012, pursuant to the New Mexico Medical Malpractice Act, NMSA 1978, §§ 41-5-1 to 45-5-29, Plaintiffs submitted a Panel Application to the New Mexico Medical Review Commission.  (Doc. 4-2).  In the Panel Application, Plaintiffs made detailed allegations of medical malpractice against Medical Defendants.  *Id.*

On November 14, 2012, Plaintiffs and Medical Defendants presented their arguments during a panel hearing.  (Doc. 4) at 2.  Plaintiffs later received a "Results" letter dated November 15, 2012.  *Id.*

On December 14, 2012, Plaintiffs filed a *pro se* Complaint against Medical Defendants in the Second Judicial District Court of New Mexico.  *Id.* at 3.  On July 18, 2013, Plaintiffs filed their First Amended Complaint (Amended Complaint), which included a strict liability claim for defective products against Medtronic Defendants and Medical Defendants.[2]  (Doc. 1-1).

On or after August 9, 2013, Plaintiffs received an endorsed summons from the New Mexico State Court directed to Medtronic Defendants.  *Id.*  On August 13, 2013, Medtronic Defendants were served the Amended Complaint.[3]  *Id.*

On September 12, 2013, Medtronic Defendants filed a timely Notice of Removal.[4]  (Doc. 1) at ¶ 6.  In the Notice of Removal, Medtronic Defendants claim that non-diverse Medical Defendants were fraudulently joined for the following reasons:  (1) Plaintiffs' lawsuit was not

---

[2] Plaintiffs claim Medtronic Defendants and Medical Defendants are responsible for putting the defective product, InFuse Bone Graft, on the market.  (Doc. 1-1) at 3 ¶ 16.

[3] In the Notice of Removal, Medtronic Defendants stated that Defendant Jeff Houghton was not served on August 13, 2013.  Plaintiffs offer Summons on Amended Complaint to show that Defendant Houghton was served on August 13, 2013.  *See* (Doc. 4-6) at 2.

[4] After the service of the Amended Complaint, Medtronic Defendants filed the Notice of Removal within the 30 day time limit pursuant to 28 U.S.C. § 1446(b).

2

timely;[5] (2) the allegations in the Amended Complaint do not provide a reasonable basis for recovery under federal notice pleading requirements; and (3) the medical malpractice allegations against Medical Defendants cannot be reconciled with the allegations of strict liability against Medtronic Defendants. (Doc. 1) at 5-10 ¶¶18-19, ¶ 25. Medtronic Defendants also assert that removal is proper in compliance with diversity jurisdiction and amount in controversy requirements in 28 U.S.C. § 1332. (Doc. 1) at 4 ¶ 16. Plaintiffs were served notice concurrently. (Doc. 1) at 3 ¶ 8.

On September 18, 2013, Plaintiffs filed the Motion to Remand asserting that, (1) Medical Defendants were not fraudulent joined in Plaintiffs' Amended Complaint, (2) remand is necessary since the requirements for diversity jurisdiction cannot be satisfied, and (3) attorneys' fees are warranted pursuant to 28 U.S.C. § 1447(c).

## II. Discussion

A defendant may remove a civil action filed in state court if the plaintiff could have originally filed suit in federal court. 28 U.S.C. § 1441(a). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Statutes pertaining to removal are construed narrowly, and any ambiguity is resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). The party removing the case to federal court bears the burden of establishing the right of removal. *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

### A. *Plaintiffs Did Not Fraudulently Join Medical Defendants*

---

[5] In the Notice of Removal, Medtronic Defendants claim Plaintiffs' filing was barred by the statute of limitations. (Doc. 1) at 5 ¶ 18; *see also* NMSA 1978, § 41-5-13 (2013). Defendants later withdrew this argument. (Doc. 10) at 10 n.2.

Plaintiffs contend that Medical Defendants were not fraudulently joined in the Amended Complaint. In support of their contention, Plaintiffs assert that the Amended Complaint was filed within the statute of limitations, and the Amended Complaint fulfills both state and federal notice pleading requirements. Medtronic Defendants claim that Medical Defendants were fraudulently joined because Plaintiffs' notice pleadings are insufficient.

Fraudulent joinder does not necessarily entail fraud. *Brazell v. Waite*, 525 Fed. Appx. 878, 881 (10th Cir. 2013); *see, e.g.*, *AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) ("Fraudulent joinder is a term of art, it does not reflect on the integrity of plaintiff or counsel" and applies when no cause of action is stated or exists) (citation and quotation omitted). Fraudulent joinder can occur when a party, against whom no cause of action is stated, is joined to avoid removal under the federal court's diversity jurisdiction. *Brazell*, 525 Fed. Appx. at 881. When a party brings a claim of fraudulent joinder, the court should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.,* 329 F.2d 82, 85 (10th Cir. 1964) (citation omitted). In order to prove fraudulent joinder, the removing party must show that there is no cause of action against the joined party. *Id.* Medtronic Defendants, as the moving party, bear the burden of proving all jurisdictional facts and establishing the right of removal. *See Salzer*, 762 F.3d at 1134.

When viewed in favor of remand, Medtronic Defendants' claim of fraudulent joinder is unsubstantiated since Plaintiffs' Amended Complaint sufficiently placed Medical Defendants on notice.[6] To properly state a claim for relief, a pleading "must contain a short and plain statement of the claim showing that the pleader is entitled to relief[] and a demand for the relief sought."

---

[6] The Court notes there is nothing in the record indicating that Medical Defendants found Plaintiffs' notice pleadings to be insufficient.

4

Fed. R. Civ. P. 8(a)(2)–(3).  The language in Rule 8 is identical to the language in the New Mexico Rules of Civil Procedure regarding general rules of pleading.  *See* NMRA 1-008(A)(2)–(3).  Here, Plaintiffs' Amended Complaint sufficiently stated a claim for relief under Federal Rules of Civil Procedure and the New Mexico Rules of Civil Procedure.  Specifically, in the facts and Counts I-X of the Amended Complaint, Plaintiffs detailed the medical malpractice and strict liability allegations against Medical Defendants and Medtronic Defendants.  (Doc 1-1).  This includes the date of the incident; the identification of Medical and Medtronic Defendants and their respective roles in the alleged incident; the identification of the allegedly defective product; and the alleged harm to Plaintiffs.  (Doc. 1-1) at 2-11.  In sum, the allegations in the Amended Complaint were properly constructed to put Medical Defendants and Medtronic Defendants on notice, and Plaintiffs' claim for relief is sufficient under both state and federal standards.

       In addition, Medtronic Defendants' application of *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), is misplaced.  Specifically, Medtronic Defendants rely on the criteria that a complaint must offer "more than an unadorned, the defendant-unlawfully-harmed-me accusation" and that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (citing and quoting *Twombly*, 550 U.S. at 555).  However, the Court noted in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The issue in *Iqbal* concerned the failure of a federal detainee to state a claim of purposeful and unlawful discrimination against government officials.  *Id.* at 662.  *Twombly* dealt with insufficient claims of parallel business conduct and conspiracy against incumbent

local exchange carriers under the Sherman Act. 550 U.S. at 544. In this case, the Amended Complaint clearly establishes that the issues are medical malpractice and strict liability against medical practitioners and manufacturers of medical devices. The context here is distinct from that of *Iqbal* or *Twombly*, in that Plaintiffs have sufficiently placed Medical Defendants and Medtronic Defendants on notice, and, thus, this matter should be evaluated "in favor of remand." *Salzer*, 762 F.3d at 1134.

To supplement the claims against Medical Defendants in the Amended Complaint, the Court may also consider the detailed allegations of medical malpractice in the Panel Application.[7] *See Dodd*, 329 F.2d at 85. In the Panel Application, Plaintiffs go into great detail regarding the surgery, the use of the InFuse Bone Graft, and the subsequent injuries suffered by the Plaintiffs. As such, the allegations in the Amended Complaint, in combination with the allegations in the Panel Application, are more than labels, conclusions, or "a formulaic recitation of [the] cause of action's elements." *Twombly,* 550 U.S. at 555.

Furthermore, Medtronic Defendants' assertion that the medical malpractice and strict liability claims between the Defendants cannot be reconciled is without merit. Admittedly, Plaintiffs minimally reconcile the allegations between the two parties.[8] However, all that is needed is a "reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for [this] claim." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (emphasis in

---

[7] Plaintiffs note that Medtronic Defendants do not contest that the Panel Application is within the scope of the Court's consideration. (Doc. 11) at 2.

[8] Plaintiffs claim Medical Defendants and Medtronic Defendants are responsible for putting the InFuse Bone Graft on the market, and that Defendants made untrue statements concerning the risks of the product. (Doc. 1) at 3, 5 ¶¶ 16, 37.

original) (citation and quotation omitted).[9] As such, Plaintiffs' reconciliation of the allegations is sufficient. Accordingly, for the aforementioned reasons, the Court concludes that Plaintiff did not fraudulently join Medical Defendants.

> B. *Medical Defendants Did Not Properly Join or Consent to Removal Pursuant to 28 U.S.C. § 1446(a)*

Plaintiffs claim that Medical Defendants did not join the Notice of Removal mandated by 28 U.S.C. § 1446(a). Medtronic Defendants counter by arguing that Medical Defendants' consent is not required because Medical Defendants were fraudulently joined.

"When a Civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The Court, as discussed above, concluded that there is no fraudulent joinder because the Amended Complaint against Medical Defendants is sufficient, and the charges between the Defendants can be reconciled. Therefore, Medtronic Defendants were required to gain the consent of Medical Defendants to have the case removed to federal court. The Court, therefore, concludes Medtronic Defendants' Notice of Removal procedurally defective. *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) (failure of co-defendant to join notice precluded removal).

> C. *The Court Lacks Subject Matter Jurisdiction*

Plaintiffs argue that remand is required in this case because there is a lack of diversity between the parties under Section 1332 because Plaintiffs and Medical Defendants are citizens of New Mexico. In response, Medtronic Defendants' claim that diversity jurisdiction is satisfied under Section 1332 because Plaintiff fraudulently joined Medical Defendants.

---

[9] Plaintiffs believe "that the circumstances of the case are unique and support product defect claims against the Medical Defendants." (Doc. 11) at n.3. They further note that the cognizable medical malpractice claims are sufficient to require remand. *Id.*

Federal district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. There must be complete diversity between the plaintiff and all the defendants for a federal court to exercise diversity subject matter jurisdiction. *Middleton v. Stephenson,* 749 F.3d 1197, 1200 (10th Cir. 2014). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In this case, the Court does not have subject matter jurisdiction under Section 1332. While neither party argues the amount in controversy, Plaintiffs rightly assert a lack of complete diversity. The lawsuit was originally brought in state district court against Medical Defendants, who, like Plaintiffs, are citizens of New Mexico. The Amended Complaint later included Medtronic Defendants, who are citizens of Minnesota and Tennessee. Regardless of the diversity claimed by Medtronic Defendants, the statute requires that the controversy is "between citizens of *different* states." 28 U.S.C. § 1332(a)(1) (emphasis added). As such, the Court does not have diversity of citizenship subject matter jurisdiction.

   D.  *Attorneys' Fees Are Warranted*

Plaintiffs request attorneys' fees to cover the costs of litigating the removal action. Medtronic Defendants assert that attorneys' fees are improper because Medtronic Defendants had an objectively reasonable basis for removal, specifically, Medical Defendants were fraudulently joined.[10]

Attorneys' fees may be awarded pursuant to 28 U.S.C. § 1447(c): "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The awarding of attorneys' fees depends on the

---

[10] Medtronic Defendants also argued that the removal was objectively reasonable because Plaintiffs were barred by the statute of limitations. As addressed earlier, Medtronic Defendants withdrew this argument. *See* (Doc. 10) at 10 n.2.

8

reasonableness of the removal.  *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) (citation and quotation omitted).  Absent unusual circumstances, federal courts may award attorneys' fees, in compliance with Section 1447(c), only when the removing party lacked an objectively reasonable basis to seek removal.  *Id.*   If there is a rational basis to seek removal, attorneys' fees should be denied.  *Id.*

Here, Medtronic Defendants' attempt to remove the case to federal court is unreasonable.  Not only did Medtronic Defendants not meet their burden of establishing the right of removal, but they also ignored Medical Defendants as one of the primary parties of the case for purposes of diversity jurisdiction.  With careful legal analysis and attention to the Federal Rules of Civil Procedure, the parties could have avoided the cost of litigating the removal in federal court.  As such, Plaintiffs should be awarded attorneys' fees for the costs and expenses incurred as a result of the removal.  *See* 28 U.S.C. § 1447(c).

IT IS ORDERED that

1.  Plaintiffs' Motion to Remand (Doc. 4) is granted;

2.  this case will be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico;

3.  Plaintiffs' request for attorneys' fees is granted;

4.  Plaintiffs shall submit an application for attorneys' fees and costs within 15 days of the entry of this Memorandum Opinion and Order; and

5.  Plaintiffs shall have an additional 10 days to file any objection to the application.

UNITED STATES DISTRICT JUDGE